**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| YOLANDA MACKEY, | : CASE NO. 2:17-cv-846 |
| *Plaintiff,* | : JUDGE GRAHAM |
| vs. | : MAGISTRATE JUDGE: JOLSON |
| COLUMBUS CENTER FOR HUMAN SERVICES, | : |
| *Defendant.* | : |

**ANSWER
OF DEFENDANT COLUMBUS CENTER FOR HUMAN SERVICES
TO COMPLAINT OF PLAINTIFF YOLANDA MACKEY**

COMES NOW, by and through its undersigned counsel, COLUMBUS CENTER FOR HUMAN SERVICES (hereinafter, "CCHS") and files this Answer to the Complaint of Plaintiff' Yolanda Mackey ("Plaintiff") filed on September 27, 2017.

**ANSWER**

1. Defendant CCHS is without information or belief to either confirm or deny Plaintiff's current address as set forth on Plaintiff's complaint and therefore denies same.

2. Defendant CCHS denies that jurisdiction is proper in this Court as Plaintiff has not alleged a set of facts that demonstrate any grounds for jurisdiction in this Court.

3. Answering the statement of claim set forth in Plaintiff's complaint Defendant CCHS states that Plaintiff alleged that she suffered an injury at work on or about April 22, Defendant is without information or belief to confirm or deny that such injury occurred.  Defendant CCHS admits that Plaintiff's request for benefits in accordance with the Bureau of Workers Compensation System of the State of Ohio was allowed.

4. Defendant CCHS denies any and all of Plaintiff's allegations regarding her lack of training.

5. Defendant CCHS is without information or belief to either confirm or deny Plaintiff's allegation that she called in to report her injury and was told that additional staff would be arriving and therefore denies same.

6. Defendant denies Plaintiff's allegation that she was not trained for the clients she was required to serve or the home where she was required to work and answering further, Defendant CCHS states that Plaintiff received adequate and appropriate training for her position.

7. Defendant CCHS admits that the home where Plaintiff worked contained more than one client of Defendant CCHS.  Answering further, Defendant CCHS states that all other CCHS clients on the property were at all times relevant to Plaintiff's claims alive.  Defendant CCHS denies any and all of Plaintiff's other allegations regarding other clients at the property where Plaintiff worked.

8. Defendant CCHS is without information or belief to confirm or deny that Plaintiff contacted 911.  Defendant CCHS admits that Plaintiff was taken to the emergency room by ambulance and that other CCHS staff was on the property serving clients at the time Plaintiff was taken to the emergency room.

9. Defendant CCHS states that Plaintiff was absent from work on April 23 and April 24 and was released to return to work on a modified basis on April 25, 2014.

10. Defendant CCHS states that Plaintiff did receive treatment through the Ohio Bureau of Workers Compensation System and that said treatment, did, on at least one occasion, occur on CCHS' property.

11. Defendant CCHS denies that Plaintiff was taken off work by a physician Sept. 29 through October 2, 2014 as stated in Plaintiff's complaint.

12. Defendant CCHS admits that Plaintiff requested and received some treatment as part of her Workers Compensation claim.  Defendant CCHS is without information to confirm or deny the specific treatment determinations that were made in her Workers Compensation claim and therefore denies same.

13. Defendant CCHS states that Plaintiff was released to return to work without restriction on September 26, 2014.

14. Defendant CCHS states that Plaintiff failed to report to work on September 28, 2014 as scheduled after being released to return without restriction on September 26, 2014.

15. Defendant CCHS states that it spoke to Plaintiff on October 2, 2014 regarding her absence on September 28th and confirmed Plaintiff was scheduled and expected to work on September 26 2014. Plaintiff indicated she would work on October 4, 2014 and October 5, 2014.

16. Defendant CCHS states Plaintiff failed to report to work on either October 4, 2014 or October 5, 2014, as scheduled and as a result, on October 8, 2014 Plaintiff was terminated.

17. Defendant CCHS is without information or belief to confirm or deny whether Plaintiff's physician put her on work restrictions for the period beginning October 3, 2014 and extending through October 17, 2014 and therefore denies same. Answering further, Defendant CCHS states that Plaintiff did not provide any work restrictions to Defendant CCHS following her release to return to work without restrictions on September 26, 2014.

18. Defendant CCHS denies that it received any work restrictions relating to Ms. Mackey for the period October 2, 2014 through October 17, 2014.

19. Defendant CCHS denies Plaintiff contacted Defendant CCHS to discuss work restrictions after being released to return to work without restrictions.

20. Defendant CCHS admits that Plaintiff was terminated for failing to report for or work her scheduled shifts on October 4, 2014 and October 5, 2014 and denies all other allegations in Plaintiff's complaint pertaining to her termination.

21. Defendant CCHS denies all remaining allegations contained in Plaintiff's Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

22. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3

23. Plaintiff lacks standing to bring claims under 28 U.S.C. 1343(3).

24. This court lacks subject matter jurisdiction over the claims in Plaintiff's Complaint.

25. Plaintiff's claims are barred by the applicable statutes of limitations.

26. Plaintiff's claims are barred by the doctrine of waiver.

27. Plaintiff's claims are barred because Plaintiff failed to exhaust all administrative remedies.

28. Plaintiff's claims are barred because Plaintiff failed to exhaust Defendant's internal grievance procedures.

29. Plaintiff's claims are barred by Plaintiff's own acts and or omissions.

30. Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

31. Defendant's conduct and treatment of Plaintiff was based on legitimate, non-discriminatory and non-retaliatory reasons that were unrelated to Plaintiff's alleged complaints.

32. Plaintiff's employment was terminated for legitimate non-discriminatory reasons.

33. To the extent that Plaintiff alleges retaliation, Plaintiff's claims are barred because Plaintiff never engaged in any protected activity for which Defendant could retaliate against her.

34. To the extent that Plaintiff alleges worker's compensation retaliation, Plaintiff's claims are barred because Defendant never interfered with her rights under any state workers' compensation laws, rules and or regulations.

35. To the extent that Plaintiff alleges disability discrimination, Plaintiff's claims are barred because Plaintiff was not disabled.

36. To the extent that Plaintiff alleges disability discrimination, Plaintiff's claims for disability discrimination are barred because Plaintiff never requested any reasonable accommodations from Defendant after September 26, 2014.

37. To the extent that Plaintiff alleges disability discrimination, Plaintiff's claims are barred because Plaintiff was not a qualified individual with a disability and no reasonable accommodation existed that would have allowed Plaintiff to perform the essential functions of her job.

38. Defendant reserves the right to assert such further defenses as they may become available or apparent during discovery and as this case progresses.

**WHEREFORE,** Defendant CCHS respectfully requests that though Court entered judgment in its favor, dismiss Plaintiff's Complaint with prejudice, award Defendant its attorney's fees, costs and other expenses incurred in defending against this action.

Respectfully submitted,

*/s/ Brendan P. Feheley*
Brendan P. Feheley, #0079107
bfeheley@keglerbrown.com
Kegler, Brown, Hill + Ritter Co., L.P.A.
65 East State Street, Suite 1800
Columbus, Ohio 43215
Telephone:    (614) 462-5400
Facsimile:    (614) 464-2634

*Attorney for Defendant COLUMBUS CENTER FOR HUMAN SERVICES*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer was filed via the Court's ECF system on this 26th day of October, 2017. In addition, a copy of the foregoing was served by ordinary U.S. mail to Plaintiff at the following address:

>Yolanda Mackey
>1187 Seymour Avenue
>Columbus OH 43206

>*/s/ Brendan P. Feheley*
>*Brendan P. Feheley, #0079107*
>
>*Attorney for Defendant COLUMBUS CENTER FOR HUMAN SERVICES*